David B. Smallman (DS-5316)
Maura J. Wogan (MW-9589)
Cameron Myler (CM-7942)
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue
New York, New York 10022
Telephone: 212-980-0120
Fax: 212-593-9175
*Attorneys for Plaintiffs*
EMPLOYERS INSURANCE OF WAUSAU and
NATIONAL CASUALTY COMPANY
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X

EMPLOYERS INSURANCE OF WAUSAU and
NATIONAL CASUALTY COMPANY,

               Plaintiffs,

             - against -

FOX ENTERTAINMENT GROUP, INC., TWENTIETH
CENTURY FOX FILM CORPORATION, and
TWENTIETH CENTURY FOX INTERNATIONAL
TELEVISION, INC.,

             Defendants.

------------------------------------------------------------------------- X

Civil Action No. 06 C.V. 1602 (MBM)

COMPLAINT

PLAINTIFFS DEMAND A
JURY TRIAL

     Plaintiffs Employers Insurance of Wausau ("Wausau") and National Casualty Company

("National Casualty"), (collectively "Plaintiffs" or "Insurers"), by and through their attorneys,

Frankfurt Kurnit Klein & Selz, PC, for their complaint and claims for declaratory relief pursuant

to 28 U.S.C. §§ 2201, against defendants Fox Entertainment Group, Inc., Twentieth Century Fox

Film Corporation, Twentieth Century Fox International Television, Inc., (collectively,

"Defendants" or "Fox"), state and allege as follows:

### INTRODUCTION

    1.     Wausau and National Casualty seek a declaratory judgment that Media Special

Perils Policy Multimedia Coverage, Policy Nos. LSW 001210, LSW 003741, LS 002108, LS

004947 and LS 005451 (collectively, the "Policies") do not cover the claims asserted against

Defendants in a class action entitled *Nathan East, et al. v. Twentieth Century Fox Film Corporation, et al.*, Case No. 04-CV-4920 GAF (SHx) (the "Underlying Action").

2.    Plaintiffs in the Underlying Action are holders of copyrights in certain musical compositions and/or musical recordings, who claim that Defendants have infringed their copyrights (and the copyrights of persons similarly situated) by embodying those musical works, without permission, in the television program *Santa Barbara*. The complaint in the Underlying Action was filed in the United States District Court for the Central District of California (Western Division) on July 6, 2004.

3.    The Policies expressly condition coverage on, among other things, (a) "prompt notice" to Insurer of any covered claim or suit, (b) keeping the Insurer "informed of all developments" in any lawsuits filed against Defendants, (c) in "all respects cooperat[ing] with [Insurer] with respect to any claim for which insurance is afforded" under the Policies, and d) obtaining the "written consent" of the insurer prior to the assignment of "any interest or right" under the policies. Defendants have failed to meet those conditions.

4.    The "no prejudice" late notice rule in New York prescribes that insurers can deny coverage where insureds have been dilatory in informing them of claims, regardless of whether prejudice can be shown. Under the law of New York, timely notice is a condition precedent to insurance coverage.

5.    The rational of the no-prejudice rule is well-recognized in New York and clearly applicable to a late notice of lawsuit under a liability insurance policy. A liability insurer requires timely notice of lawsuit in order to be able to take an active, early role in the litigation process and in any settlement discussions and to set adequate reserves. Late notice of lawsuit in the liability insurance context is so likely to be prejudicial to these concerns as to justify the application of the no-prejudice rule.

6.    Defendants' notice to Wausau and to National Casualty of the Underlying Action was untimely by more than ten months, and their notice of other, allegedly covered claims was untimely by a year and a half, or more.

7.    None of the Policies for which Defendants seek insurance coverage were issued to Defendants as "Named Insureds." Rather, Defendants first provided information to Wausau and National Casualty on February 16, 2006 – approximately twelve days ago – that confirmed that Defendants were seeking coverage for the Underlying Action as purported successors-in-interest to the putative rights and interests of other companies, who had been acquired by Defendants in a 1997 merger.

8.    Despite repeated requests by Plaintiffs, Defendants delayed almost nine additional months -- from May 2005 to February 2006 -- before informing Plaintiffs of the basis for Defendants already late notice of the Underlying Action and request for coverage. Defendants, however, had actual or constructive knowledge of the Policies (and the terms and conditions of the Policies, including the requirement of prompt notice and the name and address to which notices and inquiries should be addressed to) since at least *1997*.

9.    Among other things, Defendants' untimely, unreasonable, and inexcusable late notice of the Underlying Action and any covered claim at issue vitiates coverage under the Policies.

## THE PARTIES

10.    Plaintiff National Casualty is an insurance company incorporated in the State of Wisconsin with its principal place of business in Scottsdale, Arizona. At all relevant times, National Casualty was duly licensed and authorized to engage in the business of insurance in the State of New York.

3

11.    Plaintiff Wausau is a Mutual Holding Company with its home office and principal place of business located in Wausau, Wisconsin. At all relevant times, Wausau was duly licensed and authorized to engage in the business of insurance in the State of New York.

12.    Upon information and belief, Defendant Fox Entertainment Group, Inc. ("Fox Entertainment") is a Delaware corporation with its principal place of business located at 1211 Avenue of the Americas, New York, New York 10036. Fox Entertainment is a subsidiary of News Corporation and, at all times relevant to this complaint, was and is engaged in business in the State of New York.

13.    Upon information and belief, Defendant Twentieth Century Fox Film Corporation ("Fox Film") is a Delaware corporation with its principal place of business in Los Angeles, California and with offices in New York City. Fox Film is a subsidiary of Fox Entertainment and, at all times relevant to this Complaint, was and is engaged in business in the State of New York. Fox Film creates, produces, distributes, and markets motion pictures and television shows throughout the world.

14.    Upon information and belief, Defendant Twentieth Century Fox International, Inc. ("Fox Television") is a New York corporation with its principal place of business in Los Angeles, California and with offices in New York City. Fox Television is a subsidiary of Fox Entertainment and, at all times relevant to this Complaint, was and is engaged in business in the State of New York. Fox Television creates, produces, distributes, and markets television shows throughout the world.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 in that the action is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

16.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) in that all of the

Defendants are corporations subject to personal jurisdiction in this district and, thus, reside in

this district.

## BACKGROUND

The Policies

17.    Wausau issued to SCI Television, Inc. a Media Specials Perils Policy No. LSW

003741 (which was a renewal of Policy No. LSW 001210).  The Policy period was November

29, 1993 to February 28, 1995.  Among others, SCI Television, Inc., Andrews Group, Inc., and

New World Television, Inc. were "Named Insureds" under the policy, and Mafco Holdings, Inc.

was an "Additional Named Insured."

18.    National Casualty issued to Andrews Group a Media Special Perils Policy No. LS

002108 (which was a renewal of Policy No. LSW 003741) by delivery to Andrews Group's New

York-based insurance broker.  The Policy period was February 28, 1995 to February 28, 1996.

Among others, Andrews Group, Inc., including its predecessors and successors, and any and all

of its subsidiaries, divisions and associated or affiliated companies  ("Andrews Group"), and

Mafco Holdings, Inc., including its predecessors and successors, and any and all of its

subsidiaries, divisions and associated or affiliated companies ("Mafco Holdings"), were "Named

Insureds" under the policy.

19.    National Casualty issued to Andrews Group a Media Special Perils Policy No. LS

004947 (which was a renewal of Policy No. LS 002108).  The Policy period was February 28,

1996 to July 1, 1996.  Among others, Andrews Group and Mafco Holdings were "Named

Insureds" under the policy.

20.    National Casualty issued to Andrews Group a Media Special Perils Policy No. LS

00005451 (which was a renewal of Policy No. LS 004947).  The Policy period was July 1, 1996

to July 1, 1997,  however, the policy was cancelled effective May 2, 1997.  Among others,

Andrews Group and Mafco Holdings were "Named Insureds" under the policy.

21.    The Policies were not issued to Defendants and did not identify Defendants as

"Named Insureds".

22.    Based upon information first disclosed to Wausau and National Casualty by

defendants Fox Television and Fox Film on or about February 16, 2006,  Fox Entertainment

purports to be a successor-in-interest to certain "Named Insureds" and "Additional Named

Insureds" (including, among others, SCI Television, Inc., Andrews Group, New World

Communications Group, Inc., Television, and Mafco Holdings) under the Policies, as a result of

a merger on or about January 22, 1997 (the "Merger"), pursuant to which Fox Acquisition

Company, Inc. merged with New World Communications Group, Inc.

23.    Defendants had in their possession, custody and control copies of the Policies at

all relevant times leading up to, during, and after the Merger, and had actual and constructive

notice of conditions and terms of the Policies at all relevant times.

24.    Upon information and belief, at or about the time of the Merger, New World

Communications Group, Inc. was a wholly owned subsidiary of Andrews Group, and Andrews

Group was an indirect wholly owned subsidiary of Mafco Holdings.  Further upon information

and belief, all of the capital stock of Mafco Holdings was owned by Ronald O. Perelman, the

principal business offices of Mafco Holdings were located at 35 East 62nd Street, New York,

New York, and the principal business offices of Andrews Group and its risk management

department were located at 625 Madison Avenue, New York, NY 10022.

25.    Coverage under the Policies was and is subject to the complete terms and

conditions of the Policies. The Policies contain, among other things, certain conditions regarding

the duty of Defendants to give "prompt notice" of covered claims or suit to the insurer, and to

6

cooperate with the insurer by keeping it informed of all developments with respect to any claims for which coverage is afforded under the Policies, including lawsuits brought against Defendants, and with respect to any settlements in connection with claims under the Policies. Section Conditions, E. 1 ("Defense, Cooperation of Insured; Settlement") provides, in part:

> Conditions
> E.    Defense, Cooperation of Insured; Settlement
>    1.    Insured's Duties in the Event of Claim; Conduct of Defense; Cooperation
>       a.    The Named Insured **shall give prompt notice to the [Insurer] of any covered claim or suit**.
>       b.    The Named Insured will employ counsel, approved by the company, for defense of such claim or suit as follows:
>          (1)    **The Named Insured shall** file proper pleadings in said suit within the time required by law for filing same, **keep the [Insurer] informed of developments** and send to the [Insurer] any documents requested by the [Insurer] . . . .
>          (2)    If the suit is brought to trial, the Named Insured shall proceed to conduct the defense thereof. **The [Insurer]**, at its own election and expense, **shall have the right to associate with the Named Insured in the defense**.
>       c.    The Insured shall in all respects cooperate with [the Insurer] with respect to any claim for insurance is afforded under this policy and, at the [Insurer's] request, assist in making settlements and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the Insured . . . . The Insured and the Insured's counsel shall comply with any claim guidelines or procedures requested by [Insurer].

26.    Additionally, the Policies included the following condition regarding "Assignment": "Assignment of any interest or right under this policy shall not bind the [Insurance] Company until its written consent is endorsed hereon."

27.    Wausau and National Casualty did not provide written consent to the assignment of any interest or right to Defendants.

7

28.    Upon information and belief, the Merger did not assign any interest or right under the Policies to Defendants, and, in any event, even if such assignments took place (without the written consent of Wausau and National Casualty), Defendants have no interest or rights under the Policies.

29.    Any rights or interests in the Policies that any predecessors to Defendants may have had were subject to the conditions, terms, definitions, and exclusions of the Policies, and the conditions, terms, definitions, and exclusions of the Policies bar any claims for coverage by any predecessors of Defendant.

The Underlying Action

30.    Upon information and belief, on or about November 12, 2003, counsel for defendants Fox Film and Fox Television received a letter from Jeffrey L. Graubert, Esq., attorney for Aeone Watson, putting those defendants on notice of claims for copyright infringement in connection with the inclusion of Ms. Watson's copyrighted musical compositions, without her permission, in the television program *Santa Barbara* ("Graubert Claim Letter").

31.    On or about July 6, 2004, a class action complaint captioned *Nathan East et al v. Twentieth Century Fox Film Corporation, Twentieth Century International Television, Inc. and New World Television Productions, Inc.*, Case No. 2:04-CV-04920 GAF (SHx), was filed in the United States District Court for the Central District of California (Western Division – Los Angeles) (the "Class Action Complaint"). Upon information and belief, Defendants were served with a summons and the Class Action Complaint on or about July 7, 2004.

32.    The Class Action Complaint sought injunctive relief, statutory and other damages, an accounting and constructive trust, and costs and attorneys' fees and alleged, among other

8

things, claims for willful copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. 501, *et seq.*

33.    More specifically, the Class Action Complaint was brought on behalf of plaintiffs and "all others similarly situated," *i.e.,* "all persons or entities who at the time of the filing of this Complaint, own a copyrighted musical composition . . . [or] sound recording . . . which was embodied in one or more episodes of *Santa Barbara*, ("Class Action Plaintiffs") and alleged, upon information and belief, that Defendants had engaged in "extensive, systematic, and continuous acts of copyright infringement" by such use of those musical works without the permission of the Class Action Plaintiffs and other members of the class.

34.    Upon information and belief, Aeone Watson is a member of the class on whose behalf the Class Action Plaintiffs have brought the Underlying Action.

35.    On or about September 20, 2004, Defendants filed an answer in the Underlying Action admitting that "some of the [musical works described in the Class Action Complaint] or additional musical works may have been synchronized with audiovisual copies of the soap opera Santa Barbara" and that defendants "may have domestically copied or distributed Santa Barbara episodes that may have contained one or more of the [musical works described in the Class Action Complaint]."

36.    On or about December 8, 2004, the court in the Underlying Action approved a schedule which provided that "class" discovery would be concluded by June 24, 2005 and that the class certification motion would be briefed prior to a hearing set for November 7, 2005.

37.    On or about March 9, 2005, counsel for Defendants received a letter from attorneys at Sidley Austin Brown & Wood LLP, representing Capital Records, Inc. d/b/a EMI Music North America, EMI Music Publishing, SONY, BMG Music Entertainment, SONY ATV Music Publishing LLC, Universal Music Group and Warner Music Group, and all of their global

affiliated record labels and music publishing companies ("Major Music Companies") putting

Defendants on notice that Defendants had engaged in willful copyright infringement by

exploiting the television program *Santa Barbara*, which incorporated, without permission, "at

least 501" musical works owned by the Major Music Companies ("Sidley Austin Claim Letter").

38.     For a period of more than ten months after the date that the Complaint in the

Underlying Action was filed -- from approximately July 7, 2004 until May 17, 2005 --

Defendants did not disclose to Wausau and National Casualty that Defendants had been sued for

willful copyright infringement.  Moreover, for a period of more than eighteen months after the

date that Defendants received the Graubert Claim Letter and notice of the claim that is the

subject of the Underlying Action -- from approximately November 12, 2003 until May 17, 2005

-- Defendants did not disclose to Wausau and National Casualty that they had knowledge of a

"covered claim."

39.     Defendants did not provide notice to Wausau and National Casualty of the claims

alleged in the Graubert Claim letter or in the Underlying Action until May 17, 2005.  Defendants

did not inform or notify Wausau and National Casualty of the existence of the Underlying Action

at the time they filed and served an answer in September 2004.  Defendants also did not provide

notice to Wausau and National Casualty of the Underlying Action or the additional claims

alleged on behalf of the Major Music Companies at the time Defendants received the Sidley

Austin Claim Letter in March 2005.

Defendants' Prior Knowledge of Related Copyright Claims in Connection with *Santa Barbara*

40.     Upon information and belief, on or about November 16, 1989, attorneys for Jean-

Michel Jarre ("Jarre") sent a letter to New World Entertainment, LTD. ("New World"), the

producers of *Santa Barbara* and a predecessor-in-interest to Defendants, putting it on notice of

an alleged copyright infringement of musical compositions and sound recordings owned by Jarre and used, without permission, in the television program *Santa Barbara*.

41.    On or about January 24, 1990, Jarre filed a complaint captioned *Jarre, et al v. New World Entertainment, LTD.*, Case No. CV 90-0239 RMT (JRx), in the United States District Court for the Central District of California, alleging willful copyright infringement in violation of the Copyright Act of 1979, 17 U.S.C. § 504 ("Jarre Complaint"). Specifically, the Jarre Complaint alleged that New World had "reproduce[ed] the musical and sound recordings [of Jarre] onto episodes of *Santa Barbara* with the knowledge that authorization and permission from [Jarre] had not been obtained."

42.    On or about December 17, 2002, Rodney T. Franklin ("Franklin") filed a complaint captioned *Franklin v. Twentieth Century Fox International Television Inc., New World Television Productions Inc.*, Case No. SACV 03-824 JVS (ANx), in the U.S. District Court Central District of California, alleging copyright infringement and unfair competition by Fox Television and New World in connection with the use of certain musical compositions and musical recordings, without permission, in the television program *Santa Barbara* ("Franklin Complaint").

43.    Upon information and belief, between December 2002 and September 8, 2003, defendant Fox Television and New World engaged in extensive discovery and "conducted a diligent and thorough search for information" related to the Franklin Complaint. On or about September 22, 2003, Fox Television and New World reached a settlement with Franklin in connection with the claims in the Franklin Complaint and the Court entered an Order of Dismissal upon Settlement.

<u>Material Misrepresentations in the Renewal Applications</u>

44.    Upon information and belief, the predecessors-in-interest to the Defendants completed a series of renewal applications for the Policies during the 1990s ("Renewal Applications") which required, among other things, information about any actual or threatened claim or suit been made against the applicant, or any predecessor, subsidiary or affiliate thereof which has not been reported to the company and which alleges infringement of copyright.

45.    Upon information and belief, the purported predecessors-in-interest to the Defendants did not provide information that was required about actual or threatened claims or lawsuits.

46.    Based upon the information in the Jarre Complaint alleging willful copyright infringement in connection with the use of musical compositions and/or musical recordings in connection with *Santa Barbara,* and based upon further information available to Defendants' purported predecessors-in-interest, and upon information and belief,  certain representations made by any purported predecessors-in-interest to the Defendants were false at the time they were made and material to issuance of the Policies.

## CLAIMS FOR RELIEF

### FIRST CLAIM
### LATE NOTICE

47.    Plaintiffs repeats each and every allegation set forth in paragraphs 1 through 46 of the Complaint as though fully set forth herein.

48.    Defendants, and any predecessors-in-interest of Defendants, knew or should have known at all relevant times of the terms and conditions of the Policies, including, but not limited to, the condition requiring "prompt notice" of any covered claim or suit.

49.    Despite their obligation to provide Wausau and National Casualty with prompt notice as a condition for coverage under Section V. E. 1 of the Policies, Defendants provided late notice to Wausau and National Casualty.

50.    Defendants had an obligation under New York law to provide timely notice to Wausau and to National Casualty of the Underlying Action, but failed to do so. Defendants' delay in providing notice of the Underlying Action and of any "covered claim" was unreasonable as a matter of law.

51.    Wausau and National Casualty have been prejudiced by the failure of Defendants to provide prompt notice to Wausau and National Casualty of the Underlying Action.

52.    Defendants, and any predecessors- in-interest to Defendants, breached their contractual obligation to provide prompt notice to Wausau and to National Casualty of any covered claim or suit.

53.    Pursuant to the terms and conditions of the Policy and the law of New York State governing said late notice, Wausau and National Casualty have no obligation to Defendants, or to any predecessor-in-interest of Defendants, for any claimed damages or claim expense, and Defendants' inexcusable and unreasonable failure to timely notify Wausau and National Casualty vitiates the Policies.

## SECOND CLAIM
### BREACH OF DUTY OF COOPERATION

54.    Plaintiffs repeats each and every allegation set forth in paragraphs 1 through 53 of the Complaint as though fully set forth herein.

55.    Pursuant to Section V. E. 1 of the Policies (Defense, Cooperation of Insured; Settlement), the Defendants had and have a duty to cooperate, including, among other things, by

13

keeping Wausau and National Casualty informed of all developments respect to any covered claim or suit.

56.    Cooperation by Defendants with Wausau and with National Casualty is one of the conditions of the Policies.

57.    The Defendants breached their duty to cooperate, pursuant to the Policies, by failing to make fair, frank, and truthful disclosures about the existence of the Graubert Claim Letter, the Underlying Action, the filing of an answer and the setting of a discovery schedule in the Underlying Action, and the Sidley Austin Claim Letter.

58.    The Defendants, and any predecessors-in-interest of Defendants, breached their duty to cooperate, pursuant to the Policies, by failing to make fair, frank, and truthful disclosures with respect to any claims and information regarding any claims for which coverage would be afforded under the Policies.

59.    The Defendants breach of their duty to cooperate with Wausau and with National Casualty terminates the Policies, and therefore Wausau and National Casualty have no defense or indemnity obligations for any damages or claim expense, as those terms are defined in the Policies, arising from the Underlying Action.

## THIRD CLAIM
## OTHER CONDITIONS

60.    Plaintiffs repeats each and every allegation set forth in paragraphs 1 through 59 of the Complaint as though fully set forth herein.

61.    In addition to requiring prompt notice of any covered claim or suit, the Policies contain other conditions as set forth in Section V. of the Policies, including, but not limited to Condition G. (Other Insurance), Condition J. (Assignment), and Condition N. (Declarations).

62.    Upon information and belief, Defendants have failed to comply with Conditions G, J, or N of the Policies, and have also failed to comply with other conditions of the Policies, and accordingly, Wausau and National Casualty have no defense or indemnity obligations for any damages or claim expense, as those terms are defined in the Policies, arising from the Underlying Claim.

## FOURTH CLAIM
### EXCLUSIONS

63.    Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 62 of the Complaint as though fully set forth herein.

64.    Section II of the Policies lists Exclusions pursuant to which Wausau and National Casualty "shall not be obligated to pay damages or claim expense resulting from claims."

65.    Upon information and belief, certain Exclusions in the Policies apply, in whole, or in part, for any damages or claim expense sought by Defendants arising from the Underlying Claim.

66.    Pursuant to the aforementioned Exclusions, Wausau and National Casualty have no obligation to indemnify Defendants for any for any damages or claim expense, as those terms are defined in the Policies, arising from the Underlying Claim.

## FIFTH CLAIM
### DECLARATORY RELIEF

67.    Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 66 of the Complaint as though fully set forth herein.

68.    Wausau and National Casualty are entitled to a declaration, pursuant to 28 U.S.C. §§ 2201, that they have no obligation whatsoever under the Policies to provide coverage to Defendants.

## SIXTH CLAIM
## RESCISSION

69.    Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 68 of the Complaint as though fully set forth herein.

70.    Upon information and belief, Defendants' purported predecessors-in-interest made certain statements as to past or then present facts to Wausau and to National Casualty by, or by the authority of, such purported predecessors-in-interest as applicants for insurance or the prospective insured, at or before the making of the insurance contract as an inducement to obtain insurance coverage.

71.    Upon information and belief, certain representations made to Wausau and to National Casualty by Defendants' purported predecessors-in-interest in connection with inducing issuance of the Polices were false and material.

72.    Defendants knew or should have known at all relevant times -- including leading up to, during, and after the Merger -- that, upon information and belief, certain representations made to Wausau and to National Casualty in connection with inducing issuance of the Policies by Defendants' purported predecessors-in-interest, were false and material.

73.    Wausau and National Casualty are entitled to rescission of the Policies.

**WHEREFORE,** Plaintiffs  Employers Insurance of Wausau and National Casualty Company, requests that the Court enter judgment in their favor against Defendants on each of Plaintiffs claims for relief, declaring that they are not obligated to pay any award in the Underlying Action and any claim related thereto against Defendants, and that they are not obligated to pay any loss or expense incurred on behalf of Defendants with regard to the defense of the Underlying Action and any claim related thereto, or, alternately, that the Policies are null

and void and that Plaintiffs are entitled to rescind the Policies, and awarding attorneys' fees,

costs and such further relief as the Court deems just and proper.

Dated: New York, New York
       February 28, 2006

Respectfully submitted,

FRANKFURT KURNIT KLEIN &SELZ,

By:_____

David B. Smallman (DS-5316)
Maura J. Wogan (MW-9589)
Cameron Myler (CM-7942)

Attorneys for Plaintiffs

Employers Insurance of Wausau and
National Casualty Company

17