```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
EMPLOYERS INSURANCE OF WAUSAU and   :
NATIONAL CASUALTY COMPANY,          :
                                    :
             Plaintiffs,            :   06 Civ. 1602 (MBM)
                                    :   OPINION AND ORDER
         -against-                  :
                                    :
NEWS CORPORATION, FOX               :
ENTERTAINMENT GROUP, INC.,          :
TWENTIETH CENTURY FOX FILM          :
CORPORATION, TWENTIETH CENTURY      :
FOX INTERNATIONAL TELEVISION,       :
INC., NEW WORLD TELEVISION          :
PRODUCTIONS, INC., and NEW WORLD    :
ENTERTAINMENT, LTD.,                :
                                    :
             Defendants.            :
-----------------------------------X
```

APPEARANCES

DAVID B. SMALLMAN, ESQ.
MAURA J. WOGAN, ESQ.
ELIZABETH H. MILLER, ESQ.
(Attorneys for plaintiffs)
Frankfurt Kurnit Klein & Selz, P.C.
488 Madison Avenue
New York, NY 10022
(212) 980-0120

RANDY PAAR, ESQ.
ANDREW N. BOURNE, ESQ.
(Attorneys for defendants)
Dickstein Shapiro Morin & Oshinsky LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 277-6500

MICHAEL B. MUKASEY, U.S.D.J.

      Plaintiffs Employers Insurance of Wausau and National Casualty Company move pursuant to Federal Rule of Civil Procedure 59(e) for reconsideration of this court's July 27, 2006 Opinion and Order ("the Opinion") granting defendants' motion to dismiss plaintiffs' declaratory judgment action "without prejudice in order to allow" an action filed by Fox Film, Fox Television, and the New World Entities ("the California Defendants") in California to proceed on the ground that special circumstances existed such that the "first-filed rule" does not apply to the present case.  For the reasons below, plaintiffs' motion for reconsideration is denied.

      Motions filed under Rule 59(e) are governed by the same standards governing motions for reconsideration under Local Civil Rule 6.3.  See, e.g., Nnebe v. Daus, No. 05 Civ. 4991, 2006 WL 2309588, at *1 (S.D.N.Y. Aug. 7, 2006).  To succeed on a motion for reconsideration pursuant to Local Civil Rule 6.3, "a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir. 2000) (internal quotation marks omitted).  Generally, reconsideration will be denied unless the overlooked law or facts to which the moving party points "might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX

1

Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Local Civil Rule 6.3 is narrowly construed and strictly applied to avoid repetitive arguments that have already been considered. See, e.g., Dietrich v. Bauer, 198 F.R.D. 397, 399 (S.D.N.Y. 2001).  The court must not allow a party to use the motion for reconsideration as a substitute for appealing the judgment. See Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003).  Further, a party may not advance new facts, issues, or arguments that were not previously presented to the court. See Primavera Familienstifung v. Askin, 137 F. Supp. 2d 438, 442 (S.D.N.Y. 2001).

Plaintiffs argue this court made a clear factual error when it determined that plaintiffs filed suit before denying coverage.  All of the arguments made and facts introduced by plaintiffs in their motion for reconsideration were presented to this court before the Opinion was issued.  The Smallman Declaration II and any new facts enumerated therein will be disregarded, because it was submitted by plaintiffs without the express permission of this court.  See Local Civil Rule 3(j) ("No affidavits shall be filed by any party [with a motion for reargument] unless directed by the court").  No fact advanced by the plaintiffs contradicts the determining fact that plaintiffs commenced this action before responding to the California Defendants' request for coverage.  Thus, this court will not

reconsider its finding that plaintiffs' declaratory judgment action was an improper anticipatory filing.

Plaintiffs argue also that this court made a clear error of fact in determining that plaintiffs had improper motives when they decided not to name New World Entities in the initial complaint, made a clear error of law in disregarding the "strong nexus" between this action and plaintiffs' choice of forum, and made a clear error of law in determining that no case or controversy exists between plaintiffs and News Corp. and Fox Entertainment.  Again, plaintiffs do not cite any controlling authority that this court overlooked and do not point to any facts in the record that this court failed to consider when reaching its determination.

Thus, in their motion for reconsideration, plaintiffs present no controlling law or allegations of fact that I overlooked in making my decision, and instead simply restate their point.  The proper medium for such a restatement is an appellate brief, not a motion for reconsideration.  Therefore, plaintiffs' motion is denied.

Further, on August 15, 2006, the United States District Court for the Central District of California held that the proper forum in which the parties should litigate their coverage dispute is in the United States District Court for the Central District of California. (Def. Mem. of Law, Ex. A) Because the Court

independently found California to be the appropriate forum, no manifest injustice can occur as a result of the Opinion.

Plaintiffs must bear in mind that the argument of a motion is not an interactive game in which plaintiffs can file a memorandum of law and then volley it over a rhetorical net with the court until a viable argument emerges. Plaintiffs had their opportunity to oppose the dismissal of their case, and a motion to reargue is not the place to bring forward any arguments they may have missed in their memorandum of law. See In re Merrill Lynch Ltd. P'ships Litig., 7 F. Supp. 2d 256, 276 (S.D.N.Y. 1997).

\*            \*            \*

For the reasons set forth above, plaintiffs' motion for reconsideration is denied.

SO ORDERED:

Dated: New York, New York
       September 5, 2006

Michael B. Mukasey
U.S. District Judge