UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
EMPLOYERS INSURANCE OF : 
WAUSAU and NATIONAL CASUALTY :
COMPANY, :
          Plaintiffs, :
:
     - against - : **OPINION AND ORDER**
:
NEWS CORPORATION; FOX : 06 Civ. 1602 (SAS)
ENTERTAINMENT GROUP, INC.; :
TWENTIETH CENTURY FOX FILM :
CORPORATION; TWENTIETH :
CENTURY FOX INTERNATIONAL :
TELEVISION, INC.; NEW WORLD :
TELEVISION PRODUCTIONS, INC.; :
NEW WORLD ENTERTAINMENT, :
LTD.; and HISCOX, INC., :
:
          Defendants. :
------------------------------------------------------- X

SHIRA A. SCHEINDLIN, U.S.D.J.:

I. INTRODUCTION

        The plaintiffs in this action, Employers Insurance of Wausau and National Casualty Company (collectively the "Insurers"), seek a declaration that they are not obligated to provide insurance coverage to the defendants in connection with a 2004 copyright infringement action against the defendants, which was brought in California district court. Defendants move to transfer this action to the United States District Court for the Central District of California,

1

where another action related to this insurance coverage dispute is pending, pursuant to Section 1404(a) of Title 28 of the United States Code. For the reasons set forth below, defendants' motion to transfer is granted.

## II. BACKGROUND

### A. Facts[1]

This declaratory judgment action concerns five Media Special Perils insurance policies (the "Policies").[2] As relevant here, the Policies provided legal liability coverage for copyright infringement actions against the insureds.[3] The Policies were issued by plaintiffs Employers Insurance of Wausau, a Wisconsin corporation with its principal place of business in Wisconsin, and National Casualty Company, a Wisconsin corporation with its principal place of business in Arizona.[4] The named insureds on the declaration page of the Policies were non-

---

[1] The background facts are laid out in greater detail in several earlier opinions and orders in this case. *See Employers Ins. of Wausau v. News Corp.*, 439 F. Supp. 2d 328 (S.D.N.Y. 2006) ("*Wausau I*"), *reversed and remanded by* 522 F.3d 271 (2d Cir. 2008) ("*Wausau II*").

[2] *See* Insurance Policy Agreements, Exs. A - G to the Declaration of Emily Caron in Opposition to Defendants' Motion to Dismiss, Stay or Transfer ("Caron Decl.") (annexed as Ex. 1 to the Declaration of David B. Smallman in Opposition to Defendants' Motion to Transfer Plaintiffs' First-Filed New York Action to the Central District of California).

[3] *See id.*

[4] *See id.*

parties SCI Television, Inc. ("SCI"), with a listed Colorado address, and Andrews Group, Inc. ("Andrews"), with a listed Georgia address.[5] The Policies also insured all of the subsidiaries, divisions, and affiliated companies of SCI and Andrews "in a line of corporate progression now existing or hereafter created."[6]

Of the seven defendants in this action, only two seek coverage under a Policy on which they were named insureds – New World Television, Ltd., a Delaware corporation, and New World Productions, a California corporation, both having their principal places of business in California (collectively, the "New World Entities").[7] Four of the defendants have sought, or may seek, coverage as affiliated companies of SCI or Andrews.[8] The final defendant – Hixson, Inc., a

---

[5] *See id.*

[6] *Wausau II*, 522 F.3d at 272.

[7] *See id* at 273. The New World Entities were named insureds on only one policy, but they seek coverage under all the Policies as subsidiaries of Andrews. *See id.*

[8] Following a merger in January 1997, defendant Fox Entertainment Group, Inc. ("Fox Entertainment"), a Delaware Corporation with its principal place of business in New York, listed defendants New World Entities, Twentieth Century Fox Film Corp. ("Fox Film"), and Twentieth Century Fox International Television ("Fox Television") as its subsidiaries. *See id.* Defendant Fox Film is a Delaware corporation and defendant Fox Television is a New York corporation, and both have their principal places of business in California with secondary offices in New York. *See id.* Defendant News Corp., a Delaware corporation with its principal place of business in New York, is the ultimate parent corporation of the above-named defendants. *See id.* Fox Television, Fox Film and the New

Bermuda corporation with New York offices – is a secondary insurer of the insureds that may seek contribution from the Insurers based on these Policies.[9]

The Policies do not contain a forum selection clause or a choice of law provision. Three of the Policies contain Georgia Cancellation & Nonrenewal Provisions.[10] The declaration pages of the Policies state that notices of claims and inquiries relating to the Policies are to be sent to the Missouri-based claims manager for the Insurers, Media/Professional Insurance ("Media/Professional").[11]

In this action, the Insurers seek a declaratory judgment that the Insurers have no obligation to the insureds in connection with a class action lawsuit filed on July 6, 2004, in the United States District Court for the Central

---

World Entities have sought coverage under the Policies. *See id.* It is unclear whether News Corp. or Fox Entertainment will seek coverage.

[9] *See* Second Amended Complaint ("2d Am. Compl."), Ex. 3 to the Declaration of Andrew N. Bourne in Support [of] the Second Circuit's Remand and to Transfer the Amended Complaint ("Bourne Decl.").

[10] *See* Exs. C, E, and G to the Caron Decl.

[11] *See id.* The Policies also provided that any notice of "change in terms and conditions of this policy" was to be sent to Andrews in New York, but there is no indication that any party attempted to change the terms and conditions of the Policies by sending notice to New York. *Id.* In addition, it appears that many premium payments were transmitted to the Insurer's risk assessment offices in New York. *See* Statement of Accounts, Ex. H to the Caron Decl.

4

District of California ("California Class Action").[12] The California Class Action, which alleged copyright infringement, was brought against Fox Film, Fox Television, and the New World Entities.[13] The action was filed on behalf of all owners of copyrighted recordings used on the television show *Santa Barbara* without the owners' permission.[14] The action concerned activities that took place in California and most of the witnesses to the infringements and to the California litigation are located in California.[15] The California Class Action settled on February 2, 2008.[16]

The Insurers disclaim coverage on the ground that the insureds breached provisions of the Policies requiring prompt notice and cooperation.[17] Specifically, the Insurers note that on November 12, 2003, an attorney for musical composer Aeone Watson informed counsel for Fox Film, Fox Television, and the

---

[12]  See *Wausau II*, 522 F.3d at 273.

[13]  See *id.*

[14]  See *id.*

[15]  See *New World Television Prods., Inc. v. National Cas. Co.*, No. CV 06-02489 (C. D. Cal. Aug. 16, 2006).

[16]  See *East et al. v. Twentieth Century Fox Film Corp. et al.*, No. CV 04-4920, 2008 WL 907947 (C. D. Cal. Feb. 2, 2008).

[17]  See *Wausau II*, 522 F.3d at 273.

5

New World Entities of claims for copyright infringement by *Santa Barbara* ("Watson Claim Letter").[18] The Insurers assert that the defendants breached the Policies by not providing the Insurers with notice of this claim and of the California Class Action until May 15, 2005 – more than ten months after the class action was filed and more than eighteen months after the insureds first learned of the infringement claims.[19] The May 2005 notice to the Insurers was sent by Fox Entertainment, on letterhead with a California return address, to Media/Professional, the Missouri-based claims manager for the Insurers.[20] The Watson Claim Letter was sent from and to law offices in California.[21]

The Insurers contend that several defendants intend to seek coverage under the Policies based on the successor corporate relationships introduced by a Merger Agreement between the Fox entities and the New World Entities.[22] The Merger Agreement contains a forum selection clause mandating New York courts

---

[18]  *See id.*; Caron Decl. ¶ 10.

[19]  *See* Caron Decl. ¶ 17.

[20]  *See Wausau II*, 522 F.3d at 273.

[21]  *See* Watson Claim Letter, Ex. K to Caron Decl.

[22]  *See* 2d Am. Compl. ¶ 37.

6

for any action instituted by a party to the Agreement.[23]

On February 28, 2006, the Insurers commenced the instant action to disclaim coverage.[24] Two days later, on March 2, 2006, the Insurers formally denied coverage and informed defendants of their New York action.[25] On March 24, 2006, Fox Film, Fox Television, and the New World Entities filed a complaint of their own in the Superior Court of California, seeking, inter alia, damages for breach of contract and a declaration that the Insurers were obligated to provide coverage for the California Class Action.[26] That action was subsequently removed to the United States District Court for the Central District of California on April 21, 2006.[27]

### B. Procedural History

In *Wausau I*, then Chief Judge Michael B. Mukasey granted the defendants' motion to dismiss in order to allow the second-filed California action

---

[23] *See id.* ¶ 35.

[24] *See Wausau II*, 522 F.3d at 273.

[25] *See id.*

[26] *See id.*

[27] *See id.*

to proceed.[28] The court noted that "[w]here essentially the same lawsuit involving the same parties and the same issues is pending in two different federal courts," the second-filed action will take priority only where there are "special circumstances" or where the moving party shows that the "balance of conveniences" favors the second forum.[29] Without balancing the conveniences, the court concluded that special circumstances warranted dismissal.[30] On appeal, the Second Circuit reversed, holding that no special circumstances existed to justify dismissal,[31] but that, on remand, the action could be dismissed if the balance of conveniences favored a California forum.[32] The Second Circuit explained that the "factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)."[33]

On August 16, 2007 – after the *Wausau I* Court dismissed this action

---

[28]     439 F. Supp. 2d at 333-34.

[29]     *Id.* at 333.

[30]     *See id.*

[31]     *See Wausau II*, 522 F.3d at 276-78.

[32]     *See id.* at 278.

[33]     *Id.* at 275.

but before the *Wausau II* Court reinstated it – the District Court in the California action adjudicated the Insurers' motions to dismiss the second-filed action or, in the alternative, to transfer venue to the Southern District of New York.[34] Because the first-filed action had already been dismissed, the District Court in California denied the Insurers' motion to dismiss the second-filed action.[35] The California Court also denied the Insurers' motion to transfer venue because the Insurers had failed to carry their "burden of showing a clear balance of inconveniences against [them] if the action remain[ed]" in California.[36] The defendants now move to transfer this action to the Central District of California pursuant to section 1404(a).

## III. APPLICABLE LAW

Section 1404(a) of Title 28 of the United States Code provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have

---

[34] *See New World Television Prods., Inc. v. National Cas. Co.*, No. CV 06-02489 (C. D. Cal. Aug. 16, 2006).

[35] *See id.*

[36] *Id.* (quotation marks omitted).

9

been brought."[37] District courts have broad discretion in making determinations of convenience under section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.[38] Some of the factors a district court may consider include: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties."[39]

The plaintiff's choice of forum is ordinarily accorded "great weight."[40] However, where the plaintiff has chosen a forum that is neither the district of its residence, nor the locus of the operative facts in the case, this choice is given considerably less weight.[41] In addition, District Courts must consider the

---

[37] 28 U.S.C. § 1404(a). There is no dispute that this case could have been brought in the Central District of California.

[38] *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992).

[39] *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006).

[40] *Id.* at 107.

[41] *See POSVEN, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 405 (S.D.N.Y. 2004); *Anadigics, Inc. v. Raytheon Co.*, 903 F. Supp. 615, 617 (S.D.N.Y. 1995); *Morales v. Navieras de Puerto Rico*, 713 F. Supp. 711, 712-13 (S.D.N.Y. 1989); *Unico Indus. Corp. v. S.S. Andros City*, 323 F. Supp. 2d 896, 897

"public-interest factors" that comprise "the interest of justice."[42] These public-interest factors include the private and public economy of avoiding multiple cases on the same issue.[43]

## IV. DISCUSSION

As an initial matter, the Insurers claim that the forum selection clause in the Merger Agreement binds several defendants in this action to a New York forum. This argument has no merit, because the Merger Agreement's forum selection clause explicitly applies only to actions "instituted by any party hereto," and the Insurers, who instituted this action, were not parties to the Merger Agreement.[44]

Turning to the balance of conveniences, I first note that the plaintiffs are neither incorporated in New York nor have their principal places of business in New York. By contrast, the three defendants that seek coverage in the second-

---

(S.D.N.Y. 1971).

[42] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988).

[43] *See Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) ("[T]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").

[44] 2d Am. Compl. ¶ 35 (quoting the Merger Agreement).

11

filed California action are all headquartered in California.[45] Further, New York is not the locus of the operative facts in this action. This action concerns the Insurers' obligations with respect to the California Class Action, which arose out of events that occurred in California. The central legal and factual dispute in this action concerns notice. The events relating to notice have strong connections to California, but almost no connection to New York. First, the defendants' duty to provide notice was allegedly triggered by the Watson Claim Letter and by the filing of the California Class Action. Both events occurred in California. Second, the defendants' notice to the Insurers was sent from offices in California to the Insurers' claims management division in Missouri. Finally, if the Insurers are required to establish that they were *prejudiced* by the late notice – an issue I need not address[46]– the nature and quality of the defendants' legal representation in the California Class Action (all of which occurred in California) will become a central part of this litigation. All these considerations suggest that the facts most relevant to this lawsuit occurred in California, not New York. Therefore, the plaintiffs'

---

[45] *See New World Television Prods., Inc. v. National Cas. Co.,* No. CV 06-02489 (C. D. Cal. Aug. 16, 2006).

[46] According to the *Wausau I* Court, "the Insurers desired a New York forum to enjoy the advantage of New York law, which, unlike California law, allows an insurer to disclaim coverage based on late notice without requiring a showing of prejudice." *Wausau II,* 522 F.3d at 274.

12

choice of forum is accorded significantly less weight.

The convenience of the witnesses is better served by transferring this action to California. The defendants have submitted a long list of California witnesses with knowledge of the California Class Action, the nature and timing of the copyright infringement allegations and the notice the defendants sent to the Insurers. The defendants contend that many of these witnesses cannot be compelled to testify in New York. Such testimony will clearly be relevant to the central issues in dispute in this litigation. By contrast, the Insurers have submitted a list of New York witnesses with information primarily relating to the negotiation and formation of the Policies and the Merger Agreement. The Insurers have not explained, however, why this testimony will be relevant. At most, the proposed witnesses could provide parole evidence relating to the formation of the written contracts, but unless the contracts are ambiguous – which the Insurers have not pled or argued – there will be no need to solicit such testimony. Finally, the Insurers suggest that New York employees of Andrews have information relating to notice. However, it is uncontested that notice of the claim was sent to the Insurers' claims management division in Missouri, as required by the Policies, and not to Andrews' New York offices. Thus, the convenience of the witnesses is better served by a California forum.

The location of the documents, the convenience of the parties, and the relative means of the parties are neutral factors, because, as evidenced by the endless litigation over which forum is best, the parties all have significant financial resources and can easily transfer any documentary evidence to either forum.

Finally, a transfer to the Central District of California is in the interest of justice because it preserves judicial economy. The District Court in California has already ruled that the California action should not be dismissed or transferred to New York. If I were to deny this motion to transfer, the District Court in California would either have to revisit motions it has already ruled upon or proceed with a duplicate action. Judicial economy is best preserved by allowing that action to proceed without such complications.

V.  **CONCLUSION**

For the foregoing reasons, the defendants' motion to transfer this action to the Central District of California pursuant to section 1404(a) is granted. The Clerk of the Court is directed to close this motion (Docket #15) and transfer the case file to the United States District Court for the Central District of California forthwith.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
September 29, 2008

## -Appearances-

**Counsel for Plaintiffs:**

David Brian Smallman, Esq.
David Hans, Esq.
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue, Suite 1200
New York, NY 10110
(212) 382-3300

Elizabeth Henderson Miller, Esq.
Maura J. Wogan, Esq.
Frankfurt Kurnit Klein & Selz, P.C.
488 Madison Avenue
New York, NY 10022
(212)-980-0120

**Counsel for Defendants:**

Andrew N. Bourne, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 277-6500